IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL CRAIG BLAND, on behalf of himself and all similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAND MORTGAGE GROUP, LLC<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE CERTIFICATION SOUGHT |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Michael Craig Bland (hereinafter "Plaintiff") on behalf of himself and all similarly situated individuals, by and through the undersigned counsel, and files this Complaint for Damages against Defendant Brand Mortgage Group, LLC (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as

the representative party for all similarly situated employees of Brand Mortgage Group, LLC.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and all similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's and all similarly situated individuals' employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) of the FLSA and 28 U.S.C. §1331.

4.

Defendant Brand Mortgage Group, LLC is a Georgia corporation with offices nationwide registered and licensed to do business in the state of Georgia, and some of the unlawful employment practices described herein occurred at 1255 Lakes Parkway, Building 300, Suite 300, Lawrenceville, Georgia, 30043.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Plaintiff was employed by Defendant from on or about November 2009 through March 12, 2013 as a Mortgage Loan Officer.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed Plaintiff during the relevant time period.

10.

Defendant is a private employer engaged in interstate commerce, including selling lending products throughout the United States.

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §§7 and 15, 29 U.S.C. § 204 and § 215.

14.

Defendant may be served by delivering copy to its Registered Agent, Kelli Hutchinson, 50 Chastain Center Blvd., Kennesaw, Georgia 30144.

### IV.  FLSA Collective Action Allegations

15.

Plaintiff brings this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals are individuals who currently or have been employed by

Defendant during the last three years as "Mortgage Loan Officers" (hereinafter the "Collective Class") nationwide.

16.

Plaintiff and the Collective Class worked for Defendant within the past three years.

17.

Defendant hired Plaintiff in approximately November 2009 as a Mortgage Loan Officer in the Lawrenceville, Georgia office. Plaintiff occupied this position until his termination on March 12, 2013.

18.

Plaintiff and the Collective Class performed work that primarily included selling lending products, contacting potential customers with the purpose of making a sale, collecting documents for new clients, and preparing loans for processing.

19.

Plaintiff's and the Collective Class' primary duty did not consist of work directly related to management policies or the general operations of the business.

20.

Plaintiff's and the Collective Class' primary duty did not require the exercise of discretion and independent judgment with respect to matters of significance

21.

Plaintiff and the Collective Class did not supervise two (2) or more employees and had no hiring or firing authority over other employees.

22.

Plaintiff and the Collective Class were paid based on commissions earned on sales.

23.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

24.

Defendant was aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek during the relevant time period.

## V.  Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

26.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

27.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

28.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

29.

Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

30.

Defendant's conduct was willful and in bad faith.

31.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff and the Collective Class bring this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. <u>Collective Action Certification</u>

32.

Plaintiff and the Collective Class of "Mortgage Loan Officers" are similarly situated in that they each performed the same nonexempt duties, were not paid overtime for their work over 40 hours in a workweek and were wrongly classified as exempt from the overtime requirements of the FLSA.

33.

Plaintiff and the Collective Class all sold lending products for the Defendant.

34.

Plaintiff and the Collective Class all performed their work in the same way, pursuant to guidelines promulgated by the Defendant, and all worked on the sale of lending products.

35.

Plaintiff and the Collective Class were all paid the same way, in that they were paid commissions based on sales.

36.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees and reasonable

attorneys' fees as provided under FLSA §16, 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C) Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(D) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 23rd day of December, 2013.

**BARRETT & FARAHANY, LLP**

s/ Abigail J. Larimer
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
Abigail J. Larimer
Georgia Bar No. 999229

*Attorneys for Michael Craig Bland*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
abigail@bf-llp.com